**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICA MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| HBLC, INC., STEVEN J. FINK AND ASSOCIATES, P.C., and STEVEN J. FINK, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Erica McDonald files this complaint against Defendants HBLC, Inc. ("HBLC"), Steven J. Fink and Associates, P.C., and Steven J. Fink (collectively, "Fink") for their unfair debt collection practices, committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

***Parties***

1. Plaintiff is a citizen of the State of Illinois and a resident of Cook County, Illinois, located within this district.

2. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from her is a consumer debt, incurred for personal, family or household purposes and allegedly owed to HBLC, Inc. "as transferee of Bally Fitness."

3. Defendant HBLC, Inc. is a debt buyer that, on information and belief, purchased the alleged debt that is the subject of this complaint.

4. Because, on information and belief, Defendant HBLC, Inc.'s main business purpose is to collect on the portfolio of its purchased debts, it is therefore a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

5. As of October 7, 2015, Defendant HBLC, Inc. is listed as an Illinois corporation "not in good standing" with the State of Illinois.[1]

6. Defendant Steven J. Fink and Associates, P.C. is an Illinois corporation.

7. As of October 7, 2015, Defendant Steven J. Fink and Associates, P.C. is listed as a corporation "not in good standing" with the State of Illinois.

8. Accordingly, Plaintiff also names the corporation's owner, attorney Steven J. Fink, for his individual conduct and also for the acts of a corporation not in good standing.

9. Both Steven J. Fink and Associates, P.C. and Steven J. Fink are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Steven J. Fink and Associates, P.C. and Steven J. Fink are therefore "debt collectors" as that term is defined by § 1692a(6) of the FDCPA.

## *Jurisdiction and Venue*

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Defendants collect debts here and the activities giving rise to Plaintiff's cause of action occurred in this district.

## COUNT I
## *Violations of the Fair Debt Collection Practices Act*
## *15 U.S.C. §§ 1692e and f against all Defendants*

13. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-12 as if set forth fully in this Count.

14. HBLC, Inc. "as transferee of Bally Fitness" and its counsel, the Fink Defendants, unfairly attempted to collect an alleged consumer debt from Plaintiff Erica McDonald.

---

[1] Plaintiff is also sending notice of this suit to Lawrence Spilg, the President of HBLC, Inc. If the facts are deemed appropriate, and the corporation has been dissolved, as that term is defined under 805 ILCS 5/12.30, Plaintiff will seek to add Lawrence Spilg as an additional Defendant.

15. In furtherance of its debt collection efforts, HBLC, Inc. retained co-defendants Steven J. Fink and Associates, P.C. and Steven J. Fink to file a collection lawsuit against Plaintiff.

16. Plaintiff did not owe any debt to HBLC, Inc. or Bally Fitness as she had paid her account in full a year earlier. *See* Exhibit A hereto, proof of September 19, 2013 payment.

17. Nonetheless, on or about October 8, 2014, Plaintiff was served with a copy of a debt collection lawsuit filed by Defendants.

18. Confused because she had paid the debt, Plaintiff made several phone calls and, on or about October 13, 2014, received proof of payment and her zero balance on the Bally Fitness account.

19. Plaintiff faxed the proof of payment and zero debt to Fink and thought that was the end of the matter.

20. Instead of dismissing the suit immediately, Defendants entered a default judgment against Plaintiff on October 31, 2014.

21. Plaintiff found out about the judgment and on May 21, 2015, went to court, visited the pro se help desk, and drafted a motion to vacate the judgment.

22. The motion to vacate explained that the debt had already been paid.

23. A copy of the motion to vacate was served upon Fink, as attorney for HBLC.

24. Rather than agree to dismiss the matter, on June 22, 2015, Fink served a motion to enter a wage deduction order against Plaintiff's employer.

25. Finally, on June 29, 2015, after another court appearance by Plaintiff, Defendants finally vacated the judgment and dismissed the case with prejudice.

26. Section 1692e of the FDCPA provides, in relevant part, as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

27. Defendants violated § 1692e and e(2) by falsely representing that Plaintiff owed a debt and that there was a legal right to sue to collect any debt.

28. Defendants violated § 1692e and e(2) by falsely representing the amount of the debt.

29. Defendants violated § 1692e(8) in their June 22, 2015 communications with Plaintiff's employer by communicating credit information that was known, or should have been known, to be false.

30. Defendants violated § 1692e(10) by continuing its collection efforts against Plaintiff even after Plaintiff sent a fax to Fink explaining that her bill had been paid in full.

31. Defendants also violated § 1692f of the FDCPA, which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendants' conduct caused Plaintiff to suffer actual damage. Not only did she have to take time off of work to appear in court on multiple occasions, she was greatly embarrassed by the citation papers served upon her employer for a debt she did not owe.

33. Plaintiff paid her debt, owed no balance, and yet she was subjected to collection activities – she was served with a complaint that falsely represented the amount, character, and legal status of a paid debt, had a judgment entered against her, and had her employer notified.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendants and award damages as follows:

(A) Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief this Court deems appropriate and just under the circumstances.

***Plaintiff Demands Trial By Jury***

Respectfully submitted,

By: /s/ Stacy M. Bardo
Attorney for Plaintiff

Stacy M. Bardo
Bardo Law, P.C.
One South Dearborn, Suite 2100
Chicago, Illinois 60603
(312) 219-6980

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.

By: /s/ Stacy M. Bardo
One of Plaintiff's Attorneys